Lanzinger, J.,
dissenting.
*132 {¶ 40} I dissent from the court’s judgment and would hold that Carnail was not subject to mandatory postrelease control.
{¶ 41} The majority is correct that rape in violation of R.C. 2907.02 is both a felony of the first degree and a felony sex offense and that R.C. 2967.28(B) requires a five-year term of postrelease control to be included in sentences for offenders who have committed a first-degree felony or a felony sex offense. In holding that Carnail is subject to postrelease control, however, the majority fails to give proper weight to the fact that certain forms of rape convictions, such as Carnail’s, are unique first-degree felonies because they require indefinite life sentences, in which parole is the method of supervision after a prison release.
{¶ 42} Carnail’s prison term may be terminated or modified only by parole in accordance with R.C. 2971.03, 2971.04, and 2971.05. As the majority notes, a prisoner who is paroled remains in the custody of the state until the sentence expires or the Adult Parole Authority grants final release. State v. Clark, 119 Ohio St.3d 239, 2008-Ohio-3748, 893 N.E.2d 462, ¶ 36. If Carnail is released from prison, the terms of his release will be determined by the Adult Parole Authority, which will employ the more specific parole procedures outlined in R.C. Chapter 2971 rather than the general postrelease control procedures.
{If 43} I agree with the Eighth District’s reading of R.C. 2967.28(F)(4) in State v. Jordan, Cuyahoga App. No. 91413, 2009-Ohio-4037, 2009 WL 2462702, and State v. Dresser, Cuyahoga App. No. 92105, 2009-Ohio-2888, 2009 WL 1710757. R.C. 2967.28(F)(4) establishes a process by which supervision on parole will satisfy the postrelease control requirement when an offender is serving a life sentence in addition to a stated prison term. The statute clearly delineates that parole and postrelease control are distinct concepts that work together to allow supervision of an offender who is released from prison. R.C. 2967.28(F)(4) provides:
{¶ 44} “(a) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under a life sentence or an indefinite sentence, and if the period of post-release control ends prior to the period of parole, the offender shall be supervised on parole. The offender shall receive credit for post-release control supervision during the period of parole. The offender is not eligible for final release under section 2967.16 of the Revised Code until the post-release control period otherwise would have ended.
{¶ 45} “(b) If a period of post-release control is imposed upon the offender and if the offender also is subject to a period of parole under an indefinite sentence, and if the period of parole ends prior to the period of post-release control, the offender shall be supervised on post-release control. The requirements of parole supervision shall be satisfied during the post-release control period.”
*133 E’Yen Carnail, pro se.
William D. Mason, Cuyahoga County Prosecuting Attorney, and James E. Moss, Assistant Prosecuting Attorney, for appellee.
{¶ 46} Carnail was sentenced to two concurrent life terms for rape, with parole eligibility after ten years. These are indefinite sentences, not sentences with a stated term. Therefore, a trial court may ultimately terminate Carnail’s prison term pursuant to R.C. 2971.03(C)(3), 2971.04, and 2971.05. Carnail’s supervision on parole will satisfy the General Assembly’s monitoring requirement for indefinite sentences, as R.C. 2967.28(F)(4) shows. Nevertheless, the majority holds that Carnail must also be notified of postrelease control because he did not receive a definite term in addition to his indefinite term. The majority does indicate that had Carnail been sentenced to both, the court would not have been required to advise him of postrelease control. However, in either event an offender serving an indefinite prison term is subject to the parole process. Because there is no valid reason to distinguish between offenders serving an indefinite sentence on the basis of whether they are serving an additional definite sentence, I would hold that postrelease control is not necessary for indefinite life sentences that arise from rape convictions.
{¶ 47} Instead, after awarding R.C. 2967.28(B)(1) a “broad, sweeping application,” this court once again holds that a prisoner has been serving a void sentence, with all the illogie that entails.
{¶ 48} Because I would hold that Carnail was not subject to mandatory postrelease control, I dissent from the majority’s opinion and would deny the writ of mandamus.
Lundberg Stratton, J., concurs in the foregoing opinion.